IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Institute For Information Industry,**<br><br>    Plaintiff,<br><br>    v.<br><br>**LucidWorks, Inc.,**<br><br>    Defendant. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Institute for Information Industry ("III") for its Complaint against LucidWorks, Inc. ("LucidWorks" or "Defendant"), demand a trial by jury and allege as follows:

PARTIES

1. Institute For Information Industry is an information industry research institution with a principal address of 11F, No. 106, Section 2, Heping East Road, Taipei, Taiwan, R.O.C.

2. On information and belief, Defendant LucidWorks is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3800 Bridge Parkway Suite 101, Redwood City, CA 94065.  This defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.  LucidWorks, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

**JURISDICTION AND VENUE**

3.  This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, LucidWorks has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using and/or selling of touch screen devices including those devices commonly referred to as "smartphones" and "tablets."

5.  On information and belief, LucidWorks is subject to this Court's general and specific personal jurisdiction because: LucidWorks has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, LucidWorks has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; LucidWorks regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and III's causes of action arise directly from LucidWorks' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,845,354**

6.  III is the owner of all rights, title and interest to United States Patent No. 6,845,354 ("the '354 Patent") entitled "Information Retrieval System With A Neuro-Fuzzy Structure." The '354 Patent was issued on January 18, 2005 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '354 Patent was filed on September 9, 1999. Attached as Exhibit "A" is a copy of the '354 Patent.

7. The '354 Patent is generally directed to novel, unique and non-obvious methods, controllers and gesture units for identifying a drag gesture on a touch device, such as smartphone or tablet.

8. On information and belief, LucidWorks has been and now is infringing the '354 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell information retrieval systems for finding corresponding information components including Search Systems and/or Services according to the '354 Patent. On information and belief, examples of LucidWorks products that infringe the '354 Patent include, but are not limited to, LucidWorks Search, which allow for finding corresponding information components with information retrieval systems that infringe claims of the '354 Patent. LucidWorks is thus liable for infringement of the '354 Patent pursuant to 35 U.S.C. § 271.

9. To the extent that facts learned in discovery show that LucidWorks' infringement of the '354 Patent is or has been willful, III reserves the right to request such a finding at time of trial.

10. As a result of LucidWorks' infringement of the '354 Patent, III has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless LucidWorks' infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining LucidWorks and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '354 Patent, III will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, III respectfully requests that this Court enter:

A. A judgment in favor of III that LucidWorks has infringed the '354 Patent and that such infringement was willful;

B. A permanent injunction enjoining LucidWorks and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '354 Patent;

C. A judgment and order requiring LucidWorks to pay III its damages, costs, expenses, and prejudgment and post-judgment interest for LucidWorks infringement of the '354 Patent as provided under 35 U.S.C. § 284;

D. An award to III for enhanced damages resulting from the knowing, deliberate, and willful nature of LucidWorks' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to III its reasonable attorneys' fees; and

F. Any and all other relief to which III may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

III, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 19, 2013                            Respectfully submitted,

                                               */s/* Winston O. Huff

                                               Winston O. Huff
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

Attorneys for Plaintiff
Institute for Information Industry

## CERTIFICATE OF FILING

     I hereby certify that on March 19, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                           Respectfully submitted,

                                           */s/* Winston O. Huff