IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INSTITUTE FOR INFORMATION INDUSTRY,**<br><br>     Plaintiff,<br><br>V.<br><br>**LUCIDWORKS, INC.**<br><br>     Defendant. | Civil Action No.  2:13-cv-00222<br><br><br><br>JURY TRIAL DEMANDED |

## ORDER REGARDING ELECTRONIC DISCOVERY

The Court ORDERS as follows:

**I.   GENERAL PROVISIONS**

   A.   This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

   B.   For purposes of this order, each named plaintiff or defendant is a "party."

   C.   A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

   D.   Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

   E.   Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

      1)   The parties will make reasonable efforts to prepare responsive and nonprivileged data for production in accordance with the agreed-upon specifications set forth below.  These specifications apply to hard copy

        documents or electronically stored information ("ESI"), which are to be produced in the first instance in this litigation.

2) **SECURITY**. The parties may provide encrypted media for submission.

3) **CONFIDENTIALITY DESIGNATION**. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing.

4) **NON-STANDARD FILES**. The parties are encouraged to discuss the format of production of non-standard electronic files, large oversized documents, etc. before production to determine the optimal production format.

5) **PRODUCTION MEDIA**. Documents shall be produced on external hard drives, readily accessible computer(s) or electronic media such as CDs or DVDs ("Production Media"); production by FTP rather than on hard media will be acceptable; and production by email is acceptable provided that the receiving party's designated email address for accepting service of the production is used and the producing party has not received any error or return message indicating that the service email was not received or sent successfully. Each piece of production media should identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

## II. PRODUCTION OF HARD COPY DOCUMENTS

A. **GENERAL DOCUMENT IMAGE FORMAT**. Each hard copy document that is scanned shall be produced in single-page Tagged Image File Format ("TIFF") format unless the document cannot reasonably or without undue expense be produced in that format. TIFF files shall be single page, Group IV, minimum 300dpi TIFF images and shall be named with a unique production number followed by the appropriate file extension. Load files, such as Concordance load files, shall be provided to indicate the location and unitization of the TIFF files and ease the loading of the files into the receiving party's document management system. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **TEXT-SEARCHABLE DOCUMENTS**. The parties agree to produce its own documents in text-searchable format. This obligation does not extend to the reproduction of third-party documents produced in this case.

    C.    **PDFs**.  A producing party may produce documents as PDFs.  If produced as PDFs, each PDF must be branded with a Bates number and confidentiality designation for each page, and named according to the unique Bates numbers for the first and last pages of the document, followed by the extension ".PDF".  Each PDF file shall, to the extent reasonably possible, represent an entire document rather than each file representing a single page of a multi-page document.

    D.    **IDENTIFICATION OF PAPER DOCUMENTS**.  The parties will utilize best efforts to ensure that paper records for a particular Custodian that are included in a single production are produced in consecutive Bates stamp order.

III.    **PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

    A.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

    B.    E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of each party's five most significant listed e-mail custodians in view of the pleaded claims and defenses[1], infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, by order of the court, or as agreed upon by the parties. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. These discovery requests and/or the deposition will count against the parties' respective discovery limits pursuant to the parties' agreed Discovery Order.  The court may allow additional discovery upon a showing of good cause.

    C.    E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of five (5) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

D. Each requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave.  The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  The parties agree to meet and confer regarding potential search terms prior to a party collecting and producing emails.

E. **GENERAL DOCUMENT IMAGE FORMAT**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format unless the document cannot reasonably or without undue expense be produced in that format, in which case the document may be produced in native format. TIFF files shall be single page, Group IV, minimum 300dpi TIFF images and shall be named with a unique production number followed by the appropriate file extension. Load files, such as Concordance load files, shall be provided to indicate the location and unitization of the TIFF files and ease the loading of the files into the receiving party's document management system. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

F. **PDFs**.  A producing party may produce electronic documents as PDFs.  If produced as PDFs, each PDF must be branded with a Bates number and confidentiality designation for each page, and named according to the unique Bates numbers for the first and last pages of the document, followed by the extension ".PDF".  Each PDF file shall, to the extent reasonably possible, represent an entire document rather than each file representing a single page of a multi-page document.

G. **BATES NUMBERING**.  All images must be assigned a unique Bates number in the footer that is sequential within a given document.

H. **PRESENTATIONS.**  The parties shall take reasonable efforts to process presentations (MS PowerPoint, Google Presently/Punch) with hidden slides and speaker's notes unhidden, and to show both the slide and the speaker's notes on the TIFF (or PDF) image and/or produce such presentations in their native format

pursuant to the terms of native production set forth below.

I. **SPREADSHEETS.** TIFF images of spreadsheets need not be produced unless redacted, in which instance, spreadsheets will be produced in TIFF (or PDF) format with OCR. Native copies of spreadsheets should be produced, if available. The parties will make reasonable efforts to ensure that any spreadsheets that are produced only as TIFF (or PDF) images are formatted so as to be readable.

J. **PROPRIETARY FILES.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

K. **REQUEST(S) FOR NATIVE FILES.** If good cause exists to request production of specified files in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not be unreasonably denied.

L. **SOURCE CODE.** To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. The parties agree that the search terms will not be applied to source code.

M. **NO BACKUP RESTORATION REQUIRED.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

N. **VOICEMAIL, PDAs, AND MOBILE DEVICES.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved. Notebook computers and laptop computers used as the Custodian's local machine are not "mobile devices" for the purpose of this paragraph.

O. **REDACTION OF INFORMATION.** Redacted documents and redacted portions of documents are subject to the parties' agreement in the Discovery Order regarding whether certain documents need to be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration or addition to the metadata therewith.

P. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

IV.   **PROCESSING OF THIRD-PARTY DOCUMENTS**

    A.    A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

    B.    The Issuing Party shall promptly produce any documents obtained pursuant to a non-party subpoena to the opposing party.

    C.    If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to the opposing party.

    D.    Nothing in this stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third-parties to object to a subpoena.

V.   **SEARCHING**

**Locations That Will Be Searched for Responsive Documents.** The parties will search any reasonably accessible electronic files or folders, or other parts of media, including any internal and external hard drives and other ESI venues (including, but not limited to, recordable optical media, media cards, thumb drives, non-volatile memory, work desktop and work laptop computers) for each identified Custodian that the Custodian reasonably anticipates to contain non-duplicative Responsive Documents. The parties agree that storage media and ESI venues that would require the producing party to acquire or purchase software or hardware that it does not have in its possession, custody, or control in order to view or copy the media's or ESI venue's contents is not considered "reasonably accessible" for the purpose of this Order. The parties agree that any email searches shall be limited to the Custodian's account on the party's email server(s) and email archives on the Custodian's local machine. In addition, the parties agree that only sent and received custodial emails (including reasonably accessible archive folders containing sent and received emails) will be searched if an email search is necessary. In addition, nothing in this paragraph shall limit a receiving party's right to request from a producing party more information about the nature of and burden associated with obtaining documents from a particular location. The parties further recognize their obligations to preserve any potentially relevant sources of data, whether live or in archival form, for purposes of this litigation.

The parties agree to search central repositories, including central databases, or relevant portions thereof to the extent that the party reasonably anticipates they contain non-duplicative Responsive Documents. The parties agree to meet and confer to limit the scope of production from central repositories if the search of central repositories (or relevant portions thereof) that the producing party anticipates contain Responsive Documents is unduly burdensome or is likely to be unreasonably inefficient in identifying relevant documents. Specifically, the parties recognize

that certain repositories, by their nature, may not effectively or reasonably be searched using electronic search strings, and the parties agree to notify each other of any such repositories that contain Responsive Documents. The parties will then meet and confer to discuss the collection of Responsive Documents from such repositories, including potentially using other effective collection methodologies.

VI.  **MISCELLANEOUS PROVISIONS**

    A.  **TRANSLATIONS REQUIRED**.  To the extent a party produces a hard copy document or electronically stored information in a language other than English, the producing party shall produce an English translation of the document within thirty (30) days of its production unless otherwise agreed to by the parties.

    B.  **OBJECTIONS PRESERVED.**  Nothing in this protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

    C.  **NO WAIVER**.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.  Moreover, the mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

    D.  Notwithstanding the preceding paragraphs, the parties may later make other agreements for their mutual convenience relating to the form and manner of production.  To the extent a producing party believes discovery requests or particular applications of this order may be unduly burdensome or otherwise objectionable under the applicable rules, the parties will meet and confer in good faith as to the necessity for, scope of, and objections to such production before seeking relief from the Court.  To the extent a receiving party believes that the production of a document in a format different from that originally produced is necessary to translate the document into a reasonably usable form, the parties will meet and confer in good faith as to the necessity for, scope of and objection to such production before seeking relief from the Court.

    D.  Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

    **So ORDERED and SIGNED this 29th day of August, 2013.**

Order regarding Electronic Discovery

RODNEY GILSTRAP  
UNITED STATES DISTRICT JUDGE